IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LECHELLE BROWN | : | CIVIL ACTION |
| ROCHELLE TERRY | : | |
|     Plaintiffs | : | |
| | : | |
|     v. | : | |
| | : | |
| SCHOOL DISTRICT OF PHILADELPHIA, et al | : | No. 08-cv-02787 |
| | : | |
|     Defendant | : | |

## ANSWER TO PLAINTIFFS' COMPLAINT FILED BY DEFEDANTS RICHARD MANTELL, PAUL VALLAS AND THE SCHOOL DISTRICT OF PHILADELPHIA

Defendants the School District of Philadelphia, Richard Mantell and Paul Vallas, hereinafter "Answering Defendants," hereby answer Plaintiffs' Complaint as follows:

1. Denied. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1.

2. Admitted that Lechelle Brown was a special education student at Frankford High School located at Oxford Avenue and Wakeling Street in Philadelphia, Pennsylvania. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 2.

3. Admitted that plaintiffs bring this action under the Fourteenth Amendment to the United States Constitution and Article I of the Constitution of the Commonwealth of Pennsylvania. Denied that Answering Defendants are liable to plaintiffs.

4. Denied that Answering Defendants jointly, severally and/or in concert with one another violated Lechelle Brown's rights under any federal and/or state law.

5. Admitted that the School District of Philadelphia, whose principal place of business is located at 440 N. Broad Street, Philadelphia, Pennsylvania, is a local educational

agency in the Commonwealth of Pennsylvania operating pursuant to federal and state laws. Admitted that Frankford High School located at Oxford Avenue and Wakeling Street in Philadelphia, Pennsylvania. The remaining averments are denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied. Paragraph 9 is directed to parties other than the Answering Defendants.

10. Denied. Paragraph 10 is directed to parties other than the Answering Defendants.

11. Admitted that at all times relevant to the Complaint, Vallas was the Chief Operating Officer for the School District of Philadelphia. The remaining averments are denied.

12. Denied.

13. Admitted that plaintiffs assert claims against Vallas in his individual and official capacity. Denied that Vallas is liable in his individual or official capacity.

14. Admitted that at all times relevant to the Complaint, Mantell was the Principal of Frankford High School. The remaining averments are denied.

15. Denied.

16. Admitted that plaintiffs assert claims against Mantell in his individual and official capacity. Denied that Mantell is liable in his individual or official capacity.

17. Denied.

18.-27. Denied. Paragraphs 18 through 27 are directed at parties other than the Answering Defendants.

28. Answering Defendants hereby incorporate by reference the preceding paragraphs.

29. Denied.

30. Admitted.

31. Admitted.

32. Admitted.

33. Answering Defendants hereby incorporate by reference the preceding paragraphs.

34.-35. Denied. The statute and legislative history related to it speak for themselves.

36.-40. Denied. Paragraphs 36 through 40 are directed to other parties.

41.-46. Denied. Any testimony taken by the Committee as well as the Committee report and its conclusions speaks for themselves.

47. Denied.

48. Denied.

49. Denied.

50.-52. Denied. Paragraphs 50 through 52 are directed to other parties. Any report or recommendations speak for themselves.

53.-69. Denied. Paragraphs 53 through 69 are directed to other parties.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Answering Defendants hereby incorporate by reference the preceding paragraphs.

80.-81. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 80 through 81.

82. Admitted that Lechelle Brown was a special education student. The remaining averments are denied.

83.-88. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 83 through 88.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Answering Defendants hereby incorporate by reference the preceding paragraphs.

97. Denied.

98. Admitted that Lechelle Brown was a special education student at Frankford High School in June of 2006.

99. Denied.

100.-106. Denied. Paragraphs 100 through 106 are directed to other parties.

107. Denied.

108. Denied.

109.-111. Denied. Paragraphs 109 through 111 are directed to other parties.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

## COUNT I

118. Answering Defendants hereby incorporate by reference the preceding paragraphs.

119. Denied. By way of further answer, paragraph 119 contains conclusions of law that require no response.

120. Denied. By way of further answer, paragraph 120 contains conclusions of law that require no response.

121. Denied. By way of further answer, paragraph 121 contains conclusions of law that require no response.

122. Denied. By way of further answer, paragraph 122 contains conclusions of law that require no response.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127.-133. Denied. By way of further answer, paragraphs 127 through 133 contain conclusions of law that require no response.

134.-139.  Denied that Answering Defendants caused injury or harm to Lechelle Brown. By way of further response, Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 134 through 139.

## COUNT II

140. Answering Defendants hereby incorporate by reference the preceding paragraphs.

141.-144. Denied. By way of further answer, paragraphs 141 through 144 contain conclusions of law that require no response.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149.-155. Denied. By way of further answer, paragraphs 149 through 155 contain conclusions of law that require no response.

156.-161.  Denied that Answering Defendants caused injury or harm to Lechelle Brown. By way of further response, Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 156 through 161.

## COUNT III

162. Answering Defendants hereby incorporate by reference the preceding paragraphs.

163.-164. Denied. By way of further answer, paragraphs 163 through 164 contain conclusions of law that require no response.

165.-170. Denied that Answering Defendants caused injury or harm to Lechelle Brown. By way of further response, Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 165 through 170.

## COUNT IV

171. Answering Defendants hereby incorporate by reference the preceding paragraphs.

172.-173. Denied. By way of further answer, paragraphs 172 through 173 contain conclusions of law that require no response.

174.-179. Denied that Answering Defendants caused injury or harm to Lechelle Brown. By way of further response, Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 174 through 179.

## COUNT V

180. Answering Defendants hereby incorporate by reference the preceding paragraphs.

181.-193. Denied. Paragraphs 181 through 193 are directed to other parties.

## COUNT VI

194. Answering Defendants hereby incorporate by reference the preceding paragraphs.

195.-202. Denied. Paragraphs 181 through 193 are directed to other parties.

## COUNT VII

204. Answering Defendants hereby incorporate by reference the preceding paragraphs.

205.-212. Denied. Paragraphs 205 through 212 are directed to other parties.

## COUNT VIII

213. Answering Defendants hereby incorporate by reference the preceding paragraphs.

214.-226. Denied. Paragraphs 214 through 226 are directed to other parties.

## COUNT IX

227. Answering Defendants hereby incorporate by reference the preceding paragraphs.

228.-230. Denied. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 228 through 230.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted under 42 U.S.C. §1983.

2. It is averred that the individual defendants are entitled to qualified immunity in carrying out their respective functions of the School District of Philadelphia in a proper and lawful manner and in the exercise of good faith

3. Answering defendants assert all of the defenses, immunities, and limitations of damages available to them under the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. §8541 et seq.

WHEREFORE, Answering Defendants demand judgment in their favor and against Plaintiff.

    /s Elizabeth Mattioni
Elizabeth Mattioni
Assistant General Counsel

Date: August 20, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that the attached Answer with Affirmative Defenses filed on behalf of the defendants has been filed electronically on the below date and is available for viewing and downloading from the ECF system. Below counsel is on the list to receive e-mail notices for this case at the email address identified below:

Dino Privitera, Esquire
Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C.
1634 Spruce Street
Philadelphia, PA 19103
Email: Dino@erlegal.com


s/Elizabeth Mattioni
Elizabeth Mattioni
Assistant General Counsel




Dated: August 20, 2008